This is a suit in which plaintiff seeks to recover the sum of $150 as the balance due on the purchase price of a Chevrolet truck, which sum was represented by a postdated check given by the defendant to the order of plaintiff, payment on which was refused by the drawee bank and by defendant, on whom demand for payment was later made.
The facts show that on or about September 4, 1948, defendant purchased the truck in question from plaintiff for the sum of $1,000, of which amount $850 was paid in cash and the balance of $150 was represented by a check dated January 1, 1949. Plaintiff presented the check to the Winnsboro State Bank 
Trust Company, on which the same was drawn, on or about January 3, 1949, when payment was refused. The plaintiff later presented the check to the defendant who refused payment, although he offered the sum of $100 in settlement. The offer was refused by plaintiff and no part of the claimed sum of $150 has been paid by defendant.
The basis of the defense is predicated upon the claim of the failure of plaintiff's alleged guaranty with respect to the perfect condition of the tires on the truck at the time sold and the further representation which defendant alleged was made by plaintiff as to the existence in effect of a policy of insurance on the vehicle. Defendant sets up in the nature of a counter *Page 77 
claim the sum of $61 representing the replacement of a worthless tire, and the further sum of $53 paid out for the renewal of policy of insurance.
After trial there was judgment as prayed for in favor of plaintiff, from which judgment defendant has appealed.
There is no question as to the amount of the agreed consideration for the sale of the truck nor as to the giving of the post-dated check in the sum of $150, nor as to the fact that said amount is entirely unpaid, all of which facts were conclusively established.
There is considerable conflict with respect to the warranties or representations which defendant asserts were given and made by plaintiff. However, examination of the record convinces us that defendant has signally failed to establish his contentions by the requisite preponderance of evidence. This evidently was the conclusion reached by the District Judge, in which we find not the slightest error.
The judgment appealed from is affirmed at appellant's cost.